IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DARREN JAMES WEBSTER, | CV 25-65-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| SGT. MODEN, | |
| Defendant. | |

Plaintiff Darren Webster has six motions pending before the Court: motions for reconsideration, to clarify, for instructive aid, to amend, for summons and subpoena, and for another subpoena. (Docs. 34, 37, 38, 40, 41 and 45.) The motions are denied, and granted, in part, as explained below.

I.    MOTION FOR RECONSIDERATION

Webster filed a "Court appeal to order in Doc. 32," which is construed as a motion for reconsideration. (Doc. 34.) In it, Webster covers a variety of topics, but focuses on the alleged 248 pages of missing documents that were the subject of Webster's previous motion to compel. He has not, however, provided any specific information about which pages he asserts are missing, thus making it impossible for defendants to produce those pages again, if necessary, or to understand whether those pages are some of the documents that were withheld or redacted on the basis

1

of privilege. Webster has provided nothing to compel reconsideration of the Court's denial of his motion to compel. The motion is denied.

## II.    MOTION TO CLARIFY

Webster's motion to clarify relates to his ongoing dispute about what his legal name is. (Doc. 37.) He appears to have attempted to get some documents related to his identity from Missoula County Detention Facility, where he was detained prior to his move to Montana State Prison.

The issue of Webster's real name is not before this Court. Whether his name has been changed properly is a matter for Montana state courts. Mont. Code Ann. § 27-31-101 et seq. As far as this litigation goes, Montana State Prison is aware of both of Webster's alleged names, and the Court's orders are reaching Webster, despite the fact that the prison identifies him as Jeffrey James Solice. There is nothing for this Court to clarify or do about his name situation. The motion is denied.

## III.    MOTION FOR INSTRUCTIVE AID

Webster's motion for instructive aid seeks guidance about how to provide his discovery documents to defendants without being able to pay for copies. (Doc. 38.) Webster is directed to communicate with Defendants about the best method for providing this discovery. If an agreement cannot be reached and Plaintiff does not provide documents to Defendants, Defendants may move the Court for relief.

2

## IV.   MOTION TO AMEND

Webster moved for leave to amend and provided a draft amended pleading. (Doc. 40 and 40-1.) Defendants did not respond to this motion. Leave to amend should be freely given, when justice so requires. Fed. R. Civ. P. 15(a)(2). Webster's Amended Complaint is not easy to follow, but it appears he has amended it in order to name the additional defendants that were previously unidentified. The motion is granted.

## V.   MOTION FOR ISSUANCE OF SUMMONSES AND SUBPOENA

Webster has moved for issuance of several summonses and subpoenas. (Doc. 41 and 45.) Webster requests several summonses, including for: Miguel Garza, whom Webster identifies as "the person who assaulted me" at Missoula County;  Hailly Forcella, who was his attorney at some point; "the surgeon who is going to do surgery to repair the damage done;" hospital administration for evidence of surgery and costs; and Kimberly McBreoom, Steven Skuff, Scott Cook, and Kathy Ceaser, all of whom can testify to their knowledge of Webster's assault at Missoula County. (Doc. 41.)

Webster appears to have confused summonses with subpoenas. Each of these individuals has testimony that Webster seeks and is not a defendant whose appearance is sought in this lawsuit. Therefore, the appropriate method for him to obtain their testimony would be by subpoena. However, the Clerk cannot issue

3

subpoenas to him on the information provided. In order for the Clerk to issue a subpoena, Webster must provide the name and address of the recipient.

In addition, some of Webster's proposed recipients are inappropriate. At least two of the proposed witnesses appear speculative—the doctor who will do surgery, and the hospital administration. (Doc. 41 at 2.) Subpoenas will not be issued for unidentified individuals. Also, Webster has not justified the subpoena for his former counsel. As stated previously, Webster's identity is not before the Court. If he wishes to obtain information from his prior counsel he must do so directly and not by using this Court as an intermediary.

Webster is referred to the Scheduling Order, which explains the procedure for him to obtain subpoenas and service thereof. (Doc. 21 at 6 – 7.) The Clerk of Court will provide him with additional subpoena forms.

Webster also filed a subpoena duces tecum for Sheryl Ziegler, Commander at Missoula County Detention. (Doc. 41-1.) He appears to seek any video and audio evidence related to his time at Missoula County. Webster was previously advised that he may serve this subpoena on counsel for Defendant, who may also be counsel for Sheryl Ziegler and may waive formal service of the subpoena. (Doc. 32.) If counsel does not waive such, Webster may move for service of the proper subpoena by the U.S. Marshals, but it is impossible to tell from Webster's current filing whether he has attempted to send this subpoena to counsel for Missoula

4

County, as previously directed by the Court.

Webster also seeks service of subpoena for Sgt. Jared Poole of Adult Probation and Parole in Bozeman, Montana. (Doc. 41 at 4.) Webster does not explain why he needs to subpoena this person, and any connection between his claims at Missoula County Detention and this person are not apparently. Accordingly, the motion is denied, subject to renewal.

Finally, Webster seeks a subpoena for staff of the Montana State Prison property room. (Doc. 45.) Webster does not specify what he needs from these staff and does not justify any subpoena to obtain it. The motion is denied.

Accordingly, it is HEREBY ORDERED:

1.      Webster's motion for reconsideration is DENIED. (Doc. 34.)

2.      Webster's motion to clarify is DENIED. (Doc. 37.)

3.      Webster's motion for instructive aid is DENIED. (Doc. 38.)

4.      Webster's motion to amend is GRANTED. (Doc. 40.) The Clerk of Court is directed to file Doc. 40-1 as Webster's Third Amended Complaint.

5.      Webster's motion for summonses and subpoena is GRANTED in part, and DENIED, in part, as described above. (Doc. 41.) The Clerk of Court is directed to provide Webster with five subpoena forms.

6.      Webster's motion for subpoena is DENIED. (Doc. 45.)

7.      At all times, Webster must update the Court on any changes of

address. Failure to do so may result in dismissal for failure to prosecute.

DATED this ___ day of June, 2026.

                     _____
Donald W. Molloy, District Judge
United States District Court

6